LANOVA CORPORATION et al. v. NATIONAL SUPPLY CO.

No. 44.

District Court, W. D. Pennsylvania.

Sept. 7, 1939.

Reed, Smith, Shaw & McClay, Charles Denby, Jr., and Seward H. French, Jr., all of Pittsburgh, Pa., and Brown, Jackson, Boettcher & Dienner, John L. Jackson, and Arthur H. Boettcher, all of Chicago, Ill., for plaintiffs.

Edward A. Lawrence, of Pittsburgh, Pa., and Owen & Owen and Carl F. Schaffer, all of Toledo, Ohio, for defendant.

GIBSON, District Judge.

The plaintiffs have objected to some seven interrogatories filed by defendant. As worded when filed, the first six of them call upon the plaintiffs to express their contentions in respect to the engine of the defendant which is alleged to infringe the two patents in suit. Counsel for defendant admitting (as we understood him) the lack of precision in the words used, verbally proposed to interpret the interrogatories so that in Nos. 1, 3, 4 and 5 the word "does" is substituted for "will plaintiff contend", and in No. 2 the words "will plaintiff contend" are stricken out.

The interrogatories are in pairs, each relating to one of the patents in suit. No. 1, in effect, asks plaintiff to specify to what figure in Lang Patent, No. 1,803,262 drawings defendant's engine most nearly corresponds, and No. 3 propounds the same question as to Patent No. 1,954,082. Nos. 2 and 4 call upon plaintiff to assert what part of defendant's engine constitutes each of certain elements called for in the claims of said patent, and Nos. 5 and 6 ask plaintiff to state whether a certain chamber in each patent, is a chamber for the storing of compressed air, or for the storing of compressed air and fuel mixture, or as a combustion chamber.

As stated, or as interpreted and possibly amendable, the first six interrogatories could not have been sustained under Equity Rule 58, 28 U.S.C.A. following section 723. That rule, however, has been replaced by our present Rule No. 33, 28 U.S.C.A. following section 723c, which has widened its range. Rule No. 33 is to be read in conjunction with Rule No. 26(b), which defines, the scope of the examination of any person whose deposition is being taken. That Rule provides, inter alia, that "the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether relating to the claim or defense of the examining party * * *".

Answers to Interrogatories Nos. 1 and 3 are very evidently not designed for the purpose of eliciting information necessary for the preparation of defendant's case. The defendant and its experts are quite as able to compare defendant's engine with the patent drawings as are the plaintiffs. An answer of the plaintiffs, in no proper way, would tend to limit their testimony. The drawings show a number of constructions designed to show methods of operating the basic ideas of the patents. These constructions differ in a number of details. One of them might resemble defendant's engine closely in some details and differ from it in others more widely than appears in another suggested construction. Under such circumstances experts might differ as to the form nearest to that of the defendant. The interrogatories, Nos. 1 and 3, call for nothing more than an opinion in respect to a nonvital detail. The material question is not whether defendant's engine resembles the forms shown in the patent drawings, but whether it comes within the patent claims.

Interrogatories Nos. 2 and 4, as stated, call upon plaintiffs to compare the elements of the patent claims with defendant's engine. These interrogatories demand neither an ultimate nor evidentiary

fact, but call for an opinion. Such interrogatories have been stricken out upon objection when propounded under Equity Rule No. 58, and its successor, Rule No. 33, is not so wide, we think, as to require an answer to an interrogatory which calls upon a party for comparison of the patent claims with either his own or his opponent's construction.

Interrogatories Nos. 5 and 6, as verbally amended, ask plaintiffs to state whether a certain chamber described in each of the patents in suit functioned in one of three specified ways. The function of these chambers will doubtless appear upon trial and, assuming present uncertainty as to it on the part of defendant, an interrogatory designed to elicit fact in respect to it should be sustained.

Interrogatory No. 7 calls for evidentiary matter which may not, or may, be required in the trial. The court is of opinion that it is competent under Rule No. 33, supra, and the objection to it will be overruled.

The objections to Interrogatories Nos. 1 and 3, and Nos. 2 and 4, will be sustained.

The objections to Interrogatories Nos. 5 and 6 will be overruled, provided counsel for defendant submits a motion to amend them nunc pro tunc as of the date of the hearing upon the objections.