HOAK v. EMPIRE STEEL CORPORATION.
Civil Action No. 23054.

District Court, N. D. Ohio, E. D.

Jan. 22, 1946.

Lloyd L. Evans, of Cleveland, Ohio, Lawrence C. Kingsland, of St. Louis, Mo., and Archworth Martin, of Pittsburgh, Pa., for plaintiff.

J. F. Oberlin, of Cleveland, Ohio, and C. H. Henkel, of Mansfield, Ohio, for defendant.

JONES, District Judge.

The complaint in this case alleges that defendant is infringing plaintiff's Patent No. 2,239,523 on an annealing furnace. Defendant's answer, inter alia, denies infringement and alleges that the patent was anticipated by the prior art. Presently, the case is before the Court on defendant's objections to the following interrogatories:

"1. State whether or not defendant's annealing furnace used since April 22, 1941, has each of the following features: (a) A casing. (b) Laterally spaced walls interiorly of the casing. (c) One of the walls extending upwardly from the bottom of the casing. (d) Said one wall terminating below the roof of the chamber of the furnace. (e) Burners discharging into the space between the walls. (f) The burners being spaced from one another along the furnace. (g) The burners being at the bottom of the space between the walls. (h) Whereby the hot gases will move unwardly through the space between the walls and over the shorter wall, into the annealing chamber. (i) The said shorter wall being of heat-radiating material. (j) Whereby a substantial portion of the heat is passed into the chamber by radiation. (k) Vertically disposed elements between the walls. (l) The vertically disposed elements being in position to direct a major portion of the hot gases from each burner in a defined vertical path. (m) The laterally spaced

walls and the casing being connected as a unit. (n) So that the walls and casing may be moved as a unit."

"2. If the answer to Interrogatory No. 1 is in the negative, identify each designated feature that is absent from the defendant's said annealing furnace."

"6. State where each specific feature separately listed in Interrogatory No. 1 is disclosed in each item of the prior art to be relied upon at the trial, to the full extent that it will be contended that the prior art makes any such disclosures."

Interrogatory No. 1 is objected to on ground that it calls for an opinion or conclusion because it is in the language of the claims of the patent which defendant is charged with, and denies, infringing. No. 2 is objected to because it is dependent on No. 1. No. 6 is objected to because it is dependent on No. 1 and also because it requires the defendant to make a comparison of structures.

In patent infringement actions, a party will not be required to answer interrogatories asking for construction of a patent claim, since a construction of a claim is an opinion and the purpose of interrogatories is to elicit facts. Hercules Powder Co. v. Rohm & Haas Co., D.C.Del., 3 F.R.D. 328. In Lanova Corp. v. National Supply Co., D.C.Pa., 29 F.Supp. 119, it was held that an interrogatory requiring the plaintiff to compare elements of the patent claims with the defendant's engine was improper as calling for an opinion. Interrogatories propounded by defendants calling for opinions and requiring plaintiffs to make comparisons of structures were held subject to objection in Carter Bros. v. Cannon, D.C.Tenn., 2 F.R.D. 174.

In Teller v. Montgomery Ward & Co., D.C.Pa., 27 F.Supp. 938, 943, the court would not require the defendant to answer an interrogatory inquiring whether certain stoves included the provision of flanged structural metal elements, etc. as a constructional feature because the interrogatory called for construction of a patent claim and for an admission or denial of infringement as a legal conclusion. The ruling in that case was based partly on the unusual complexity of the question; the court said:

"The very complexity of the language of the interrogatory, and the multiplication of clauses and phrases, are factors in my decision, as well as the fact that the interrogatory is in the language of a claim of one of the patents, although the latter factor taken by itself is not conclusive."

In Looper v. Colonial Coverlet Co., D.C. Tenn., 29 F.Supp. 125, the court held that the defendant should answer interrogatories concerning details of the machines it used which were alleged to infringe the plaintiff's patent. Some of the interrogatories in that case appear to have been comparable in scope to those in the case at bar, but the case does not state whether the interrogatories were in the language of the claims of the patent.

Where the interrogatories will simplify the case for trial they should not be held improper merely because they are in the language of the claims of a patent. But a party should not be required to construe the claims of a patent, make detailed comparisons of the devices involved in the litigation, or give opinions concerning them. In this case the defendant has agreed to answer Interrogatory No. 3, which requires it to supply full drawings of its various furnaces and to state when and where they may be inspected by plaintiff or his representative. I think that the plaintiff is only entitled to a description of the furnaces which the defendant has been using and that the defendant should be permitted to describe them in its own language rather than being required to use the language of the plaintiff's patent claims. As the drawings which the defendant has agreed to supply will probably give an adequate description of the furnaces, it seems unnecessary to require answers to Interrogatories 1 and 2. The answer lists the various patents on which the defendant relies to show that plaintiff was not the first inventor of the furnace. Under the above decisions it seems that defendant should not be required to compare the specific features of those inventions with the claims of plaintiff's patent.

332

The foregoing responds to the better reasoned rule in respect of interrogatories in patent cases and calls for affirmative action on the objections, which accordingly will be sustained.