See also, D.C., 86 F.Supp. 350.

**RUBSAM v. HARLEY C. LONEY CO.**
Civ. A. No. 8136.

United States District Court
E. D. Michigan, S. D.
April 19, 1950.

Beaman & Patch, Jackson, Mich., Townsend F. Beaman, Jackson, Mich., Robert C. Williams, Jackson, Mich., of counsel, for plaintiff and counter-defendant.

Kleinstiver & Anderson, Jackson, Mich., Benj. Kleinstiver, Jackson, Mich., Watling & Brelsford, Santa Barbara, Cal., of counsel, for defendant and counter-plaintiff.

THORNTON, District Judge.

The Court has been asked to determine the validity of defendant's objections to certain of plaintiff's interrogatories and to further determine the validity of the plaintiff's objections to certain requests set forth in the defendant's Motion for Production.

The plaintiff's within cause of action involves royalties under license agreements. The relief prayed for includes "a preliminary and final injunction against further infringement of plaintiff's exclusive field and those controlled by plaintiff; an accounting for profits and damages, and assessment of costs against the defendant."

■ Interrogatory No. 3 is objected to by the defendant on the ground that it asks for an opinion. The pertinent part of the question reads: "State number of defendant's owned or controlled patent which covers each type of weight so manufactured and sold by defendant." This question appears to be propounded for the purpose of eliciting a factual answer rather than an opinion and should, therefore, be answered. Hoak v. Empire Steel Corp., D.C., 5 F.R.D. 330.

■ It is quite apparent that Interrogatory No. 21 is asking for an opinion and the construction of a patent claim, and under the authority of the Hoak case, supra, as well as numerous other cases, should not be answered.

■ Interrogatories Nos. 4, 8, 9, 10 and 13 are all objected to by the defendant as going to the quantum of damages and therefore not proper at this time. The rule here relied upon by defendant in relation to his objection, while applicable in a patent infringement case, has no application to the instant matter. Boysell Co. v. Colonial Coverlet Co., D.C., 29 F.Supp. 122; Unlandherm v. Park Contracting Corp., D.C., 26 F.Supp. 743; Rules 33 and 26(b), Rules of Civil Procedure for District Courts, 28 U.S.C.A. Since the information sought is not privileged, and is relevant to the subject matter of plaintiff's claim, objections to Nos. 4, 8, 9, 10 and 13 of plaintiff's interrogatories are overruled, and the defendant is required to answer the same.

■ The plaintiff objects to requests No. 1 through 6 of defendant's Motion for Production on two grounds, which will be given separate consideration.

The basis for the first ground of plaintiff's objection is that since the purpose of the production is to aid the defendant in establishing its affirmative defense of unclean hands, such production should not be compelled because the equitable defense of unclean hands is improperly pleaded in a law action. In view of the relief prayed for by this plaintiff in his Bill of Complaint, we are unable to agree with the plaintiff that his action is one in law rather than in equity. However, Rules 1, 2 and 8(e) (2), 28 U.S.C.A., are controlling and for this reason we hold that the first ground on which plaintiff bases his objection to requests Nos. 1 through 6 is not valid.

■ The second basis of plaintiff's objection is that of privilege. As to requests Nos. 1 through 4 this objection is overruled and the Motion for Production is held to be proper. As to requests Nos. 5 and 6, it is our opinion that the information sought falls within the class of privileged matter and we, therefore, sustain plaintiff's objection and will not require the production of the matter set forth in these two paragraphs.

Let an Order be prepared in accordance with this memorandum.