## BUILDERS ORNAMENTAL IRON CO. v. MERRILL.

### Civ. No. 3065.

United States District Court

D. Colorado.

Dec. 6, 1950.

Wallace & Cannon, Chicago, Ill., and Grant, Shafroth & Toll, Denver, Colo. (William Grant, Denver, Colo., of counsel), for plaintiff.

Whitehead & Vogl, Denver, Colo., for defendant.

KNOUS, District Judge.

This is a declaratory judgment action in which the defendant has filed a counterclaim charging the plaintiff with manufacturing and selling frame-straightening apparatus allegedly infringing Merrill Patents numbers 2,013,785 and 2,042,856, in suit.

Presently, the case is before the Court on defendant's objections to plaintiff's additional interrogatories numbers 15 to 40, inclusive, addressed to the defendant under Rule 33, F.R.C.P., 28 U.S.C.A.

By answers to two previous sets of interrogatories defendant has already furnished to plaintiff basic information as to the alleged grounds for infringement.

The plaintiff claims that the questioned additional interrogatories numbers 15 to 40, are designed to further narrow the issues in the case.

Interrogatories numbers 15 to 32, inclusive, of this group are in similar form and each relates singly to one of the claims of defendant's patents and categorically requires the defendant with respect thereto to "identify by means of a written description each and every combination of plaintiff's so-called apparatus (described by plaintiff's own trade appellation, such as Model B, or B-48) which is illustrated in plaintiff's bulletin number 10, a copy of which is attached (to the previously propounded interrogatories specified) and there identified as Exhibit I, with any one or more

of plaintiff's tools illustrated in the lower left portion (pages designated) of said bulletin, which plaintiff charges to infringe claim designated of patent (either 2,013,785 or 2,042,856) in suit, identifying each of said tools by the plaintiff's part number it carries in said bulletin."

In my opinion, each of such questioned interrogatories, by calling upon the defendant to make detailed comparisons of specific features of certain devices and apparatus manufactured by the plaintiff as shown by illustrations prepared by plaintiff, with claims and elements of defendant's patents as construed by him, are objectionable for the reasons given in the opinions in Hoak v. Empire Steel Corporation, D.C., 5 F.R.D. 330; Lanova Corp. v. National Supply Company, D.C., 29 F. Supp. 119, and Carter Brothers v. Cannon, D.C., 2 F.R.D. 174.

See also Looper v. Colonial Coverlet Company, D.C., 29 F.Supp. 125, wherein it was held that an interrogatory calling upon defendant to illustrate by drawings how its machine deviates from the patented machine, is improper; also an interrogatory calling upon defendant to point out the difference between the two; Boysell Co. v. Colonial Coverlet Company, D.C., 29 F. Supp. 122.

The decision in E. I. Du Pont De Nemours & Company v. Byrnes, D.C., 1 F. R.D. 34, relative to interrogatory number 2 therein, relied upon by the plaintiff as supporting its position, is to be distinguished from the case at bar, in my opinion, by the circumstance that said interrogatory number 2 did not involve the making of any comparison but merely required an objective statement of defendant as to the "claims of each of the patents" described in the amended petition and bill of particulars alleged to constitute an infringement. The interrogatories previously answered by the defendant in the case at bar substantially supply such information.

It is to be further observed that in my view several of the pronouncements of the opinion in E. I. Du Pont De Nemours v. Byrnes, supra, support the conclusion I have reached in the case at bar.

Plaintiff's proposed additional interrogatories numbers 33 to 40 all involve comparisons and in my opinion are subject to the objection hereinabove discussed as well as to the further objection that they call for an opinion as to whether certain tools disclosed in plaintiff's bulletins constitute an infringement of the claims of defendant's patent "alone or in combination with each other or with any other device or devices manufactured and sold by the plaintiff." Obviously, it seems to me, the defendant could not be properly required to answer such a question, there being no disclosure or identification by reference to the pleadings or any exhibit of the "other device or devices manufactured and sold by the plaintiff."

Accordingly, the objections of the defendant to plaintiff's interrogatories numbers 15 to 40, inclusive, will be sustained.