### GAGEN v. NORTHAM WARREN CORP.

United States District Court
S. D. New York.

July 24, 1953.

Robert D. Spille, New York City, for plaintiff.

Mock & Blum, New York City, for defendant.

WEINFELD, District Judge.

The plaintiff charges that defendant is infringing a patent issued to him on February 10, 1953, for a "spill proof nail polish bottle." The defendant has interposed various defenses and counterclaims to the effect that the letters patent issued to plaintiff are invalid and not infringed.

Plaintiff has propounded 31 interrogatories to the defendant. Seventeen remain subject to objection by the defendant. These will be considered under the headings as grouped by the defendant.

*Interrogatories 2, 26, 27*

Plaintiff in interrogatory 2 seeks information as to when the defendant first began making and selling certain bottle assemblies which allegedly infringe upon plaintiff's product and whether the defendant still continues to sell them. This goes to the issue of infringement and not to the damage issue alone, as defendant suggests.[1] The objection to interrogatory 2 is overruled.

Interrogatory 26 seeks the number of employees whose duties related to defendant's Cutex assemblies for each of the years from 1947 to 1952, inclusive, years antecedent to the date of issuance of the patent. The question has no bearing on the issue of whether the defendant infringed or is still infringing plaintiff's patent.[2]

Interrogatory 27 is directed almost exclusively to damages and should in the present case await a finding that plaintiff has established validity of his patent and a right to an accounting.[3]

The objections to interrogatories 26 and 27 are sustained.

*Interrogatories 3-11, 17, 18, 19*

Interrogatory 3 asks defendant to point out wherein its nail polish assemblies differ from those shown in three drawings of plaintiff's patented bottle. The remaining interrogatories, 4–11, require defendant to state what "substantial and material parts" of the invention in suit have been disclosed. They are

---

1. RCA Mfg. Co., Inc. v. Decca Records, Inc., D.C., 1 F.R.D. 433, 436.

2. Cf. Anchor Hocking Glass Corp. v. White Cap Co., D.C., 47 F.Supp. 451, 453.

3. 4 Moore's Federal Practice, 2nd Ed., § 33.17; Zenith Radio Corp. v. Dictograph Products Co., Inc., D.C., 6 F.R.D. 597; Carter Bros., Inc. v. Cannon, D.C., 2 F.R.D. 174; Anheuser-Busch, Inc. v. Dubois Brewing Co., D.C., 3 F.R.D. 336; Lyophile-Cryochem Corp. v. Pfize, D.C., 7 F.R.D. 362; Ball v. Paramount Pictures, Inc., D.C., 4 F.R.D. 194.

based upon the defendant's "First Defense" which alleges that seven different patents issued at various dates from 1867 to 1940 anticipated plaintiff's patent. The defendant objects to interrogatory 3, as well as interrogatories 4–11, inclusive, upon the grounds that they call for legal conclusions, opinion, and an interpretation of the patent in suit; and, further, that they call for information which is within the knowledge of the plaintiff and his attorney.

It may be acknowledged that to a degree the interrogatories in question call for expression of judgment or opinion. However, this in and of itself does not condemn them if the basic purposes of deposition-discovery procedure—obtaining relevant information and narrowing the issues—are to be served.[4] In determining whether the interrogatories serve such purposes, account will be taken of the burden placed upon the party answering.

Interrogatory 3, which inquires into defendant's own product, should be answered. I believe this will tend to confine the issue of infringement without imposing an undue burden upon the defendant.[5] But as to interrogatories 4–11, the defendant will not be called upon to compare features of the various patents obtained by others over a period of almost seventy years with those of plaintiff's.[6]

■ Interrogatories 17, 18 and 19 are based upon defenses of ambiguity and estoppel. They seek to have the defendant state what elements of each of the claims in the plaintiff's patent are unclear or ambiguously stated and the facts which occurred at the Patent Office on which the defense of estoppel is based. The defendant having pleaded these defenses, it may be assumed that it is in a position to furnish the particulars.[7]

The objections to interrogatories 17, 18 and 19 are overruled.

*Interrogatories 15 and 29*

■ Interrogatory 15 is based upon one of the defenses of invalidity and lack of invention. It calls for information as to the prior art. While to a degree the answer may require an expression of opinion essentially it relates to a fact matter. The further objection that the information requested is within the knowledge of the plaintiff is without merit.[8]

The objection is overruled.

■ As to interrogatory 29, plaintiff seeks to have defendant characterize as true or false defendant's statements or

4. In patent infringement cases, the Courts generally do not require parties to make detailed comparisons. See, e. g., Builders Ornamental Iron Co. v. Merrill, D.C., 10 F.R.D. 616; Lanova Corp. v. National Supply Co., D.C., 29 F.Supp. 119. Nor do they often require parties to construe claims. See, e. g., Hoak v. Empire Steel Corp., D.C., 5 F.R.D. 330; Chandler v. Cutler-Hammer, Inc., D.C., 31 F.Supp. 453. Most often the Courts reason that comparisons or pin-pointing involve "opinion" or "legal conclusions" and so do not further the essential purposes of interrogatories. But when such purposes are furthered, the interrogatories should not be excluded. Caldwell-Clements, Inc. v. McGraw-Hill Pub. Co., D.C., 12 F.R.D. 531, 544; Schwartz v. Howard Hosiery Co., D.C., 27 F.Supp. 443, 444; 4 Moore's Federal Practice, 2nd Ed., pp. 2310–2311.

5. Pierce v. Submarine Signal Co., D.C., 25 F.Supp. 862; Schwartz v. Howard Hosiery Co., D.C., 27 F.Supp. 443.

6. Hoak v. Empire Steel Corp., D.C., 5 F.R.D. 330.

7. For cases in support of using interrogatories to obtain particularization of the pleadings, see, e. g., Canuso v. City of Niagara Falls, D.C., 4 F.R.D. 362; McInerney v. Wm. P. McDonald Const. Co., D.C., 28 F.Supp. 557; Dugan v. Sperry Gyroscope Co., Inc., D.C., 35 F.Supp. 902; United States v. American Solvents & Chemical Corp. of Calif., D.C., 30 F. Supp. 107.

8. See Patterson Oil Terminals, Inc. v. Charles Kurz & Co., Inc., D.C., 7 F.R.D. 250; Kingsway Press, Inc. v. Farrell Publishing Corp., D.C. 30 F.Supp. 775; 4 Moore's Federal Practice, 2nd Ed., ¶33.13.

advertising with respect to its product. I find no basis for this interrogatory and the objection is sustained.

*Interrogatory 31*

Here the defendant is requested to specify documentary material in its possession relating to the subject matter of the suit. Such identification may lead to the discovery of facts relevant to the subject matter of the controversy and so narrow the issues upon the trial. That plaintiff, as defendant suggests, may have knowledge of the information sought does not preclude the interrogatory.[9] The objection is overruled.

Settle order on notice.