**Harlow R. OLSEN, Plaintiff,**

v.

**ST. ANTHONY MACHINE PRODUCTS COMPANY, a corporation; Otto J. Pfeifer, Jr.; E. O. Schultz; Robert William Johnson; Bernard J. Christianson; and Edward Burchell, Defendants.**

**Civ. No. 4933.**

United States District Court
D. Minnesota, Fourth Division.
Jan. 20, 1955.
On Objections to Second Interrogatories
Aug. 5, 1955.

**314**

Sheldon D. Karlins (of Sachs, Karlins, Grossman & Karlins), Minneapolis, Minn., for plaintiff.

Hugh L. Brenner (of Brenner & Schnell), Minneapolis, Minn., for defendant St. Anthony Machine Products Co.

NORDBYE, Chief Judge.

The Court took under advisement the objection to Interrogatory No. 31 which was submitted by the plaintiff to defendant St. Anthony Machine Products Company. The interrogatory reads:

"31. We refer to paragraph 11 of the answer and paragraph 9 of the counterclaim. In these paragraphs, you have listed approximately 23 patents. For each of these patents state any features of them that (a) limit the scope of plaintiff's patent No. 2,364,547 and (b) the features of each of them which render plaintiff's patent No. 2,364,547 invalid, stating why these features either limit the scope of plaintiff's patent or render it invalid."

Plaintiff has indicated that he is willing to modify the language of this interrogatory as submitted and contends that the Court should at least require this defendant to indicate which claims of the patents cited in Paragraph XI of defendant's answer it will rely upon. There are 23 patents cited which contain some 150 claims. At the trial, defendant, if it asserts this defense, will be required to indicate which of these claims constitute prior invention, prior knowledge and prior public use of the art disclosed by the claims of plaintiff's patent. It is common knowledge in patent cases that an alleged infringer will cite many anticipatory patents in the answer, but at the trial will limit his claims in this regard to certain specific patents cited and certain claims therein. Many of the cited patents may be entirely abandoned at the trial. No good reason is suggested why defendant should not be required to disclose at this time which of the patents cited and which claims therein it will rely upon at the trial. Surely no prejudice will result to the defendant by reason of such a ruling and plaintiff will not be required to be kept in the dark as to defendant's position in this regard until

the time of the trial. Thus, the issues as to anticipatory patents and prior art will be narrowed and the trial expedited. Such a ruling is entirely consistent with the spirit and purpose of the discovery rules. The disclosure required will not call for an expression of opinion but rather for a statement of fact.

■ It follows, therefore, that defendant St. Anthony Machine Products Company is required within 20 days after the date of this order to serve on plaintiff's counsel in writing and under oath, as required by Rule 33, Federal Rules of Civil Procedure, 28 U.S.C.A. the patents and the claims of such patents which are cited in Paragraph XI of defendant's answer upon which it will rely as instances of prior invention, prior knowledge and prior public use of the art disclosed by the eight claims of plaintiff's patent. It is so ordered. An exception is reserved.

On Objections to Second Interrogatories

This matter comes before the Court on objections of defendant St. Anthony Machine Products Company to plaintiff's second interrogatories Nos. 1 and 2.

It appears that, in answering Interrogatory No. 31 in pursuance of this Court's order of January 20, 1955, defendant St. Anthony Machine Products Company advised plaintiff as to each patent cited in Paragraph 11 of its answer and Paragraph 9 of its counterclaim on which it will rely at the trial hereof for the purpose of maintaining the defenses other than prior use and prior public use, but including the defenses of anticipation, prior invention, and knowledge, and for the further purpose of maintaining the defenses including lack of invention and lack of novelty, set forth in Paragraph 12 of defendants' answer and Paragraph 10 of defendants' counterclaim. Then there was listed some ten United States patents followed by subsection (b), which reads as follows:

"(b) In further answer to Plaintiff's Interrogatory No. 31, and in further response to the order of the court entered herein January 20, 1955, defendants-counterclaimants state that as to the patents set forth above, in sub-paragraph (a) hereof, and as to the defenses for which said patents will be relied by the defendants-counterclaimants at the trial of this action, the defendants-counterclaimants will not rely upon any of the numbered claims of said patents, said numbered claims of said patents following the written specifications of said patents, but said defendants-counterclaimants will rely upon the disclosures of said patents as set forth in the written specifications and drawings of said patents, for the purpose of maintaining the defenses for which said patents will be relied upon by the defendants-counterclaimants and as set forth in sub-paragraph (a) of this answer to Plaintiff's Interrogatory No. 31."

After receiving the answer of the defendants-counterclaimants to plaintiff's Interrogatory No. 31, plaintiff submitted a second series of interrogatories, which read as follows:

"1. What features of each of the twelve patents listed in your answers to plaintiff's interrogatory No. 31 dated February 16, 1955, limit the scope of each of the eight claims of plaintiff's patent No. 2,-364,547, stating which of the eight claims the particular feature limits?

"2. What features of each of the twelve patents listed in your answers to plaintiff's interrogatory No. 31 dated February 16, 1955, render each of the claims of the Olsen patent No. 2,364,547 invalid, stating which of the eight claims

the particular feature renders invalid."

When Interrogatory No. 31 was filed, it read:

"31. We refer to paragraph 11 of the answer and paragraph 9 of the counterclaim. In these paragraphs, you have listed approximately 23 patents. For each of these patents state any features of them that (a) limit the scope of plaintiff's patent No. 2,364,547 and (b) the features of each of them which render plaintiff's patent No. 2,364,547 invalid, stating why these features either limit the scope of plaintiff's patent or render it invalid."

The Court in its order of January 20, 1955, stated that,

"Plaintiff has indicated that he is willing to modify the language of this interrogatory as submitted and contends that the Court should at least require this defendant to indicate which claims of the patents cited in Paragraph XI of defendant's answer it will rely upon."

The Court then noted that there were 23 patents cited which contained some 150 claims. Now, it is apparent that plaintiff in his second interrogatories is seeking substantially the same information he abandoned when Interrogatory No. 31 was before the Court. Defendant has indicated in its answer to Interrogatory No. 31 that it is not relying upon the claims as such of the 12 patents cited, but rather upon the disclosures of said patents as set forth in the written specifications and drawings. Therefore, plaintiff has received the information which the Court concluded it should have as to the patents cited by the defendant. If defendant relies only upon the specifications and drawings disclosed in these patents, rather than the claims set forth therein, plaintiff has obtained the information which the Court con-cluded it was entitled to in its order of January 20, 1955. No showing is now made why plaintiff in voluntarily limiting the scope of Interrogatory No. 31 should be permitted to proceed with interrogatories which seek substantially the same information which he abandoned.

Moreover, plaintiff seeks the opinion of defendant's experts as to the construction of the claims of plaintiff's patent No. 2,364,547 and a lengthy statement as to why in the opinion of the expert or experts the specifications and drawings of the patent cited read or bear upon plaintiff's claims. If the Court granted these second interrogatories, defendant presumably could come back and, by way of interrogatory, ask plaintiff whether he agreed with defendant's opinion, and, if not, set forth his reasons.

My view is that, on this showing, at least, an attempt to have a sparring match, so to speak, by way of written opinions by patent experts on the validity of claims of the patent in suit and the reasons pro and con of the anticipatory prior art disclosing prior invention and prior knowledge would be a most unsatisfactory manner to proceed by way of pre-trial disclosure. Factual disclosure should be the aim of the interrogatories and not the mere expression of opinion by an adversary. True, sometimes the border line between factual disclosure and a calling for opinion is not too clear and the courts should be liberal in construing interrogatories in harmony with the spirit of the new rules. However, plaintiff here is now advised of the exact use which defendants intend to make of the patents cited and the limitations on their use. That should be sufficient.

It follows, therefore, that defendant's objections to the second interrogatories Nos. 1 and 2 are in all things sustained. It is so ordered.