**FEDERAL CARTRIDGE CORPORA-TION, Plaintiff,**

v.

**OLIN MATHIESON CHEMICAL COR-PORATION, Defendant.**

No. 4-65-Civ. 392.

United States District Court
D. Minnesota,
Fourth Division.

Jan. 18, 1967.

Loring M. Staples, Faegre & Benson, Lendrum A. MacEachron and Braddock & Burd, Minneapolis, Minn., Henry Shur and LeBlanc & Shur, Washington, D. C., for plaintiff.

David C. Donnelly and Oppenheimer, Hodgson, Brown, Wolff & Leach, St. Paul, Minn., N. Dale Sayre, Roger T. McLean and McLean, Morton & Boustead, New York City, Donald R. Motsko, New Haven, Conn., for defendant.

## MEMORANDUM DECISION

LARSON, District Judge.

Defendant seeks an Order sustaining objections to portions of plaintiff's "Supplementing First Set Interrogatories

Nos. 72 and 73." Plaintiff instituted this action seeking a declaratory judgment that defendant's Holmes '124 and Holmes '125 patents are invalid. Other counts of the complaint are grounded on violations of the antitrust laws and unfair competition, but they are not immediately relevant to the challenged interrogatories. Defendant's counterclaim alleges infringement of both the Holmes '124 and '125 patents, as well as of its De Caro and Laloux patents. All relate to shotgun shells.

The interrogatories in question seek answers with respect to accompanying models of shotgun shells manufactured by plaintiff, designated as PIX 1—PIX 6. Question 1 asks defendant to state what claims of the Holmes '124 patent it contends plaintiff has infringed by each of the six structures. Questions 2, 3, and 4 ask for the same information concerning the Holmes '125, Laloux and De Caro patents, respectively. Question 5 asks for further specification of plaintiff's acts which infringe the four patents in suit. Question 6 asks for identification of other patents owned, licensed to, or controlled by defendant which are infringed by the six structures. Defendant has answered all six questions for PIX 1 and PIX 2, which the parties indicate are the accused devices referred to in the pleadings. Defendant objects to the interrogatories as they relate to PIX 3—6, contending these are hypothetical structures with questionable relevancy to the instant litigation. Further, defendant maintains the interrogatories are burdensome, requiring time consuming and expensive research before answers can be formulated. Defendant also claims that since PIX 3—6 are handmade, test results would be inconclusive and, therefore, it would be prejudiced by having to state whether they infringe on the basis of such test results. In addition, defendant argues that the interrogatories improperly require expression of a legal opinion. The Court concludes that questions 1 through 5 must be answered for PIX 3—6, but that question 6 need not be answered.

■ *Relevancy*—Interrogatories under Rule 33 "may relate to any matters which can be inquired into under Rule 26(b)." Under the latter, inquiry is permissible as to any matter "which is relevant to the subject matter involved in the pending action." The present action revolves around four patents and two accused devices. Question 6 brings up completely new subject matter, relating neither to the accused devices nor the patents in suit. While mindful that plaintiff might amend the complaint to raise issues with respect to other patents owned by defendant, the Court is of the view that question 6 need not be answered. Interrogatories are designed to provide a party with information enabling him to prepare his case, eliminating surprises at the time of trial. Failure to obtain the information requested in question 6 does not hamper plaintiff's trial preparation, and it cannot be surprised by additional patents at the time of trial since they are not germane to the present suit. Discovery also serves to narrow issues by pinpointing areas where no substantial dispute exists. Question 6, however, attempts to determine whether a separate area of controversy exists. Relying on Salem Engineering Co. v. National Supply Co., 75 F.Supp. 993 (W.D.Pa.1948); General Electric Co. v. Refrigeration Patents Corp., 65 F.Supp. 75 (W.D.N.Y.1946), and White v. E. L. Bruce Co., 62 F.Supp. 577 (D.Del.1945), plaintiff contends that a patentee cannot "refuse to show his hand," but can be compelled to set forth his position on infringement. These cases do not relate to discovery, but rather to the declaratory judgment procedure. In the *White* case the Court refused to allow a patentee-defendant to withdraw a patent from suit after it had been raised by counterclaim in a declaratory judgment action, stating that an actual controversy existed between the parties and the matter should be ad-

judicated. *General Electric* ruled that a declaratory judgment suit was proper even though the plaintiff had not yet manufactured the product in question. The Court noted that the plaintiff had been notified of possible infringement and should not be required to begin manufacturing at his peril. In *Salem*, the Court said:

> "[I]f a manufacturer fears that he will be charged to infringe, he can always inquire of the patentee, and if the answer is unsatisfactory, he can bring an action for a declaratory judgment. The time has now passed when a patentee may sit by and refuse to show his hand." 75 F.Supp. at 1000.

This course is still open to plaintiff here for the additional patents. The discovery process is not appropriate in this instance as a means of compelling the patentee to show its hand for patents not in suit with respect to structures not yet in controversy.

■ The objectionable portions of questions 1—5 seek information about nonaccused devices. But they are distinct from question 6 in that they relate to patents in issue. Information about the new structures at this stage in the litigation assists plaintiff's trial preparation, and also gives defendant more advance notice than the patentee received in Kalamazoo Loose-Leaf Binder Co. v. Proudfit Loose-Leaf Co., 243 F. 895 (6th Cir. 1917). During accounting proceedings in that case defendant-infringer presented a modified structure to the Court, seeking a determination of whether it also infringed the patent. Although plaintiff patentee objected to this procedure, it was approved by the Sixth Circuit, which stated:

> "There is no inherent injustice to a plaintiff in allowing a defendant to submit to the court his proposed non-infringing structure, rather than to submit himself to civil and even criminal action for contempt, as well as action for infringement. Plaintiff's right to elect whether or not to pro-

ceed against an infringer is not invaded by the exercise of a jurisdiction which it has already invoked." 243 F. at 900.

Certainly it seems preferable that PIX 3—6 be brought in at the discovery state rather than during an accounting. Further, these structures assume relevancy in view of defendant's acknowledgment that if its patents are found valid and infringed, damages could be claimed at the accounting stage for all infringing sales by plaintiff. Because the new devices are being manufactured by plaintiff, questions 1—5 have even greater relevancy in this case than the interrogatory sustained in Harvey v. Levine, 25 F.R.D. 15 (N.D.Ohio 1960), in which the Court required the patentee to state whether a device manufactured by a third party was charged with infringement. Lee v. Electric Products Co., 37 F.R.D. 42 (N.D.Ohio 1963) is also analogous. Interrogatories sustained by that case described various devices and inquired whether they constituted an infringement of the subject patent. Being germane to the subject matter of the action, interrogatories 1—5 must be answered unless it can be said that the burden imposed on defendant outweighs the usefulness of the information.

*Burden*—In 4 Moore's Federal Practice, Par. 33.21, p. 2379 (1966 ed.), it is said that "the courts should not dispose of interrogatories on the basis of any broadside generalizations as to 'burdensomeness' and 'expense.' All interrogatories are burdensome and expensive to some degree, and the question is just how much burden and expense is justified in the particular case." In the instant case, the Court is of the opinion that the burden upon defendant is not of such magnitude that response can be excused. The questions propounded ask defendant to state only whether PIX 3—6 are charged with infringement. They are thus unlike those interrogatories in *Lee*, supra, which asked the patentee to describe in what respect iden-

tified devices would be considered an infringement. As noted above, the Court in *Lee* did require answers to questions inquiring whether or not the devices would be considered an infringement, and of what claims. On the other hand, the Court sustained objections to questions asking for the manner in which each device infringed, "as those answers would require a detailed technical comparison of the patent and the described devices." 37 F.R.D. at 46. Even assuming that detailed tests will be required in order to state whether PIX 3—6 infringe the patents in suit, as defendant contends, this is not the kind of burdensome research which the decisions cited by defendant protect against. Onofrio v. American Beauty Macaroni Co., 11 F.R.D. 181 (D.Mo.1951), and Cinema Amusements Inc. v. Loew's, Inc., 7 F.R.D. 318 (D.Del.1947), indicate that, in general, a party will not be required to do research and compile data on facts not within his knowledge. It can hardly be said that a patent owner does not have knowledge of his own patent holdings. The Court is not persuaded that the interrogatories seek to maneuver defendant into an unfavorable tactical position. The interrogatories so characterized in Aktiebolaget Vargos v. Clark, 8 F.R.D. 635 (D.D.C.1949), apparently sought to obtain the evidence and witnesses which the adverse party would present at trial. The instant interrogatories do not go so far. Nor is the Court convinced that defendant can be excused from answering because of possible prejudice from potential inconclusive test results. As stated in 4 Moore's Federal Practice, Par. 33.26, p. 2404 (1966 ed.), "If a party cannot furnish information and details, it may so state under oath. The answer should set forth in detail the efforts made to obtain the information."

*Legal Opinion*—Defendant also objects to the interrogatories on the ground that they are calculated to provide plaintiff with legal advice. Some Courts have sustained objections to interrogatories asking a patentee to make a detailed comparison of the patent claims with a device on the grounds that they seek legal opinions. See Hoak v. Empire Steel Corp., 5 F.R.D. 330 (N.D.Ohio 1946); Rubsam v. Harley C. Loney Co., 10 F.R.D. 344 (E.D.Mich.1950); Fischer & Porter Co. v. Sheffield Corp., 31 F.R.D. 534 (D.Del.1962). In the last cited case the Court said:

> "What plaintiff is requesting, before defendant's experts take the stand, is for defendant to construe the *already identified claims* of the patents in suit and apply the claims to a specific construction of defendant's air gauges for measuring linear dimensions. It has been consistently held that interrogatories may not call for opinions * * *." 31 F.R.D. at 536. (Emphasis added.)

As pointed out above, the interrogatories in the instant case ask for identification of claims contended to be infringed, and not a comparison of each claim with plaintiff's devices. This difference is illustrated by Olsen v. St. Anthony Machine Products Company, 18 F.R.D. 313 (D.Minn. 1955). There the Court required answers to a modified interrogatory by plaintiff patentee requesting defendant to indicate what claims of the prior art patents referred to in the answer would be relied upon. Thereafter plaintiff sought answers to an interrogatory seeking a comparison of the features of plaintiff's patent with the patents cited by defendant. Although noting that the borderline between fact and opinion is often vague, the Court refused to sustain the subsequent interrogatory. Due to the nature of a patent controversy, such an inquiry may necessarily involve a legal opinion. Even if an opinion is called for in the instant case, this Court subscribes to the view expressed in Meese v. Eaton Mfg. Co., 35 F.R.D. 162 (N.D.Ohio 1964):

> "Interrogatories 24 through 42 are directed to the contentions of the plaintiffs, and their objections are not

well taken. The plaintiffs object that these questions call for conclusions and opinions of law, which parties are not required to express. * * * The interrogatories objected to each inquire whether a part of defendant's product infringes upon plaintiff's patented product; quite obviously this calls for an opinion involving a point of law. The prohibition against interrogatories requesting a legal opinion is rooted, though, in the fact that parties generally are unable to answer or express such an opinion. * * * In patent cases, however, the Court can think of no one *more qualified* than the inventors to express opinion as to what constitutes theft of their inventiveness." 35 F.R.D. at 166.

Similar views were expressed in Gagen v. Northham Warren Corp., 15 F.R.D. 44 (S.D.N.Y.1953), in which the plaintiff patent holder asked defendant, the alleged infringer, how the latter's product differed from the patented article. While acknowledging that the interrogatories did involve the expression of opinion to some degree, the Court sustained the question, stating:

"In patent infringement cases, the Courts generally do not require parties to make detailed comparisons. * * * Most often the Courts reason that comparisons or pin-pointing involve 'opinion' or 'legal conclusions' and so do not further the essential purposes of interrogatories. But when such purposes are furthered, the interrogatories should not be excluded." 15 F.R.D. at 46, n. 4.

Being of the opinion that questions 1—5 with respect to PIX 3—6 are relevant and will serve to prevent surprise should there be an accounting, this Court concludes that they should be answered. Defendant's objections to these questions will thus be overruled. The objection of defendant to question 6 is sustained.

It is so ordered.