Clifford BVOCIK, Plaintiff,

v.

The FIRESTONE TIRE & RUBBER COMPANY, Defendant and Third-Party Plaintiff,

v.

OLIN MATHIESON CHEMICAL CORP. and Jon LeClaire, Third-Party Defendants.

W. B. MILBRATH, INC., Plaintiff,

v.

The FIRESTONE TIRE & RUBBER COMPANY, Defendant and Third-Party Plaintiff,

v.

OLIN MATHIESON CHEMICAL CORP. and Jon LeClaire, Third-Party Defendants.

Jon LeCLAIRE, Plaintiff,

v.

The FIRESTONE TIRE & RUBBER COMPANY, Defendant and Third-Party Plaintiff,

v.

OLIN MATHIESON CHEMICAL CORPORATION, Third-Party Defendants.

Williams B. MILBRATH, Plaintiff,

v.

The FIRESTONE TIRE & RUBBER COMPANY, Defendant and Third-Party Plaintiff,

v.

OLIN MATHIESON CHEMICAL CORPORATION, Jon LeClaire and W. B. Milbrath, Inc., Third-Party Defendants.

Nos. 63–C–85, 66–C–87, 63–C–86 and 66–C–88.

United States District Court E. D. Wisconsin.

Decision and Order and Motion for More Definite Statement Jan. 9, 1968.

Motion to Amend Complaint Jan. 22, 1968.

On Motion to Compel Answer to Interrogatories Feb. 28, 1968.

See also D.C., 277 F.Supp. 210.

Robert L. Habush of Habush, Gillick, Habush & Davis, Milwaukee, Wis., for Clifford Bvocik and Jon LeClaire.

Kurt H. Frauen, of Wickham, Borgelt, Skogstad & Powell, Milwaukee, Wis., for W. B. Milbrath, Inc. and Williams B. Milbrath.

Gilbert W. Church and David E. Beckwith, of Foley, Sammond & Lardner, Milwaukee, Wis., for Firestone Tire & Rubber Co.

Clifford C. Kasdorf, of Kivett & Kasdorf, Milwaukee, Wis., for Olin Mathieson Chemical Corp.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The defendant, Firestone Tire & Rubber Company, has moved that the court compel the plaintiffs to answer defendant's interrogatories of September 8, 1967. The plaintiffs have objected on the grounds that the information sought is irrelevant, not readily available, would be difficult, oppressive and burdensome to produce, and would not lead to the discovery of admissible evidence.

The interrogatories seek the following information: identification of any manufacturer or distributor who has disseminated any of the information described in the plaintiffs' answers to defendant's interrogatories of June 29, 1967; a general description of the information given and the manner in which it was distributed; and certain other specifics pertaining to the first two answers.

▆ The burden of showing that the interrogatories should not be answered is on the objecting party. Professor Moore states the rule as follows:

> "General objections such as the objection that the interrogatories will require the party to conduct research and compile data, or that they are unreasonably burdensome, oppressive, or vexatious * * * are insufficient."

4 Moore, Federal Practice, § 33.27, pp. 2414–15 (2nd ed.).

In Trabon Engineering Corporation v. Eaton Manufacturing Company, 37 F.R. D. 51 (N.D.Ohio 1964), an interrogatory was objected to because 60 days of continuous research would be required in order to answer. The court overruled the objection because the interrogated party had not sustained its burden of showing that the interrogatory should not be answered. Also, as the court said in Federal Cartridge Corporation v. Olin Mathieson Chemical Corporation, 41 F.R.D. 531 (D.Minn.1967), all interrogatories are burdensome and expensive to some degree; the question is how much burden is justified in the particular case.

It is the court's opinion that the plaintiffs have not sustained their burden.

▆ The information sought is relevant, and it may lead to the discovery of admissible evidence. The plaintiffs Milbrath, Milbrath, Inc., Bvocik and LeClaire will be obliged to answer the interrogatories in question.

It is therefore ordered that the plaintiffs be and hereby are required to answer defendant's interrogatories 1, 2 and 3 of September 8, 1967.

### On Motion for More Definite Statement

The defendant, Firestone Tire & Rubber Company, and the third-party defendant, Olin Mathieson Company, have moved that the court order the plaintiffs to furnish a more definite statement on the matters alleged in their respective complaints, pursuant to rule 12(e). In the alternative, the moving parties have requested that the court set this matter for further pretrial conference for the purpose of issuing an order pursuant to rule 16.

Rule 12(e) states:

> "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more defi-

nite statement before interposing his responsive pleading * * *"

■ The defendant Firestone is not complaining about its inability to frame a responsive pleading; it is complaining that certain actions of plaintiffs' counsel have rendered the complaint indefinite. Firestone says that during the pretrial conference the plaintiffs' counsel indicated that some of the allegations of negligence in the complaints had been abandoned. Firestone now seeks to learn which allegations remain for trial.

The third-party defendant asserts that correspondence from plaintiffs' counsel and also remarks made at the pretrial conference indicate the existence of additional allegations of negligence which are not set forth in the complaints.

By way of affidavit plaintiffs' counsel responds that the complaints are quite specific in their allegations of negligence. He further avers that plaintiffs intend to rely on all such allegations in said complaints; that the correspondence and pretrial remarks referred to were designed to indicate to the defendant and to the third-party defendant which allegations of negligence the plaintiffs thought were particularly persuasive. This was done, he states, to encourage settlement. The affiant concludes by stating that the "plaintiffs are not choosing to at this time, waive any of the allegations of the complaint * * * and would expect to be able to put in proof under any of the specific allegations contained in the complaint."

In light of this affidavit from plaintiffs' counsel, it seems quite clear that the plaintiffs are planning to rely fully on all the allegations of negligence in the complaints; that none have been abandoned nor have any allegations been added. These allegations are neither vague nor ambiguous. It is therefore not necessary for the plaintiffs to furnish a more definite statement as requested.

As to the alternative proposal of the moving parties, the court does not deem it advisable to hold an additional pretrial conference.

It is therefore ordered that the motions of the defendant and of the third-party defendant be and hereby are denied.

### On Motion to Amend Complaints

Upon the motion of plaintiffs Clifford Bvocik and Jon LeClaire for leave to amend their respective complaints, the court, pursuant to rule 15(a), grants the motion. The complaints may be amended in the following manner: Mr. Bvocik may amend the damage portion of his complaint from $175,000 to $250,000; Mr. LeClaire may likewise amend the damage portion of his complaint from $225,000 to $450,000.

It is so ordered.

## ON MOTION TO COMPEL ANSWER TO INTERROGATORIES

The plaintiffs have moved for an order requiring the defendant, Firestone Tire & Rubber Company, to answer certain interrogatories. Firestone's brief indicates that several of the challenged interrogatories have now been answered and that it is willing to respond to certain other interrogatories. The court must determine whether Firestone may be compelled to answer interrogatories 14, 15, 37 and 51.

### INTERROGATORY 14

■ This interrogatory inquires as to materials which Firestone furnished to its distributors prior to the opening of a distributorship "in or about 1956".

Firestone contends that it is irrelevant to know what materials, other than methanol alcohol, it furnished to its dealers. It is also claimed that the search for this material would impose a great burden upon the defendant, Firestone.

In the court's opinion, the plaintiffs' motion to compel an answer to this interrogatory must be granted. The inquiry touches upon the nature and extent of Firestone's supervision of its outlets and of the products distributed at such outlets. The question is proper under rule 33, Federal Rules of Civil Procedure. Enger-Kress Company v. Amity Leather Products Company, 18 F.R.D. 347 (E.D.Wis.1955).

### INTERROGATORY 15

Interrogatory 15 seeks information as to materials provided by Firestone to its distributors "since 1956 up to the present time". The defendant, Firestone, is willing to answer interrogatory 15 insofar as it relates to methanol alcohol, and the court considers this a reasonable and appropriate limitation for the period after 1956. Accordingly, the motion to require the defendant, Firestone, to answer this question will be denied on the assumption that the defendant will voluntarily respond to it with reference to the subject of methanol alcohol.

### INTERROGATORY 37

This question seeks the names and addresses of other distributees to whom methanol alcohol was shipped by Firestone from 1953 through 1957. A considerable burden would be imposed upon the defendant, Firestone, if it were required to answer this interrogatory. I consider that the benefit to the plaintiffs is too remote to warrant an order requiring Firestone to answer this interrogatory.

### INTERROGATORY 51

This interrogatory seeks the terms of the agreement between W. B. Milbrath, Inc. and Firestone with reference to "inventory sales and payment for shipments in 1956". I am of the opinion that sales and pricing information as to materials other than methanol alcohol is not relevant to this law suit, and accordingly, the plaintiffs' application to require an answer to interrogatory 51 must be denied.

### CONCLUSION

It is ordered that the plaintiffs' motion to compel an answer to interrogatory 14 be granted and that it be denied as to interrogatories 15, 37 and 51.