## FOUNDRY EQUIPMENT CO. v. CARL–MAYER CORP. et al.

### Civ. No. 26952.

United States District Court,
N. D. Ohio, E. D.

Oct. 10, 1950.

See also D.C., 10 F.R.D. 200.

■ Interrogatory No. 1 requests certain information relating to conception and disclosure of a patent in suit. This Interrogatory should be answered as it will disclose relevant information. At the same time defendants should disclose to plaintiff dates and information relating to any invention or prior art upon which the defendants at this time expect to rely to overcome the record filing date. It is to be understood, however, that defendants are not limited at trial to proof of invention or prior use disclosed, because of this ruling.

■ Objection to Interrogatories 3, 4, 10 and 11 are made on the ground of lack of relevance. A broader standard of relevance is employed when the objection is made to interrogatories, than is used when the objection is made to testimony given at trial. It is not too clear what limits are to be placed on interrogatories, but unless the information sought can have no possible bearing upon the issues disclosed by the pleadings, the interrogatory should be answered. Here defendants' interrogatories seem to have some bearing on possible issues and should for that reason be answered.

John F. Oberlin, Lawrence C. Spieth, Cleveland, Ohio, for plaintiff.

Vern L. Oldham, B. C. Boer, Cleveland, Ohio, for defendants.

JONES, Chief Judge.

This is a patent infringement action.

Plaintiff objects to defendants' Interrogatories 1, 3, 4, 7, 9, 10, 11 and 13.

■ Interrogatories 7, 9 and 13 request the production of certain documents and letters. This court has consistently held that documents and letters cannot be produced by the procedure provided in Fed. Rules Civ.Proc., rule 33, 28 U.S.C.A. Linko v. Cleveland-Cliffs Iron Co., D.C., 9 F.R.D. 615; Britting v. Pennsylvania Greyhound Lines, D.C., 10 F.R.D. 536.