## DR. SALSBURY'S LABORATORIES v. I. D. RUSSELL CO.

No. 5689.

United States District Court
W. D. Missouri, W. D.
May 16, 1951.

Thomas E. Scofield, Kansas City, Mo., for plaintiff.

Gage, Hillix & Phelps, Kansas City, Mo., for defendants.

DUNCAN, District Judge.

Plaintiff, a corporation, organized under the laws of the State of Iowa, is the owner of Letters Patent No. 2,450,866 issued October 5, 1948, on an application filed October 4, 1946, titled "Poultry Treatment Composition." It consists essentially of a chemical compound known as 3 nitro-4-hydroxy-phenyl-arsonic acid and an orally ingestible vehicle, such as water or feed, wherein said compound is dissolved or dispersed in certain efficacious concentrations.

The composition is intended to control the disease known as "Coccidiosis" common among chickens. The plaintiff's composition is sold under the trade name of "Renasol."

The plaintiff alleges that the defendants, a co-partnership composed of I. D. Russell and Bertha V. Russell, doing business as "I. D. Russell Company" are residents of the State of Missouri, with their principal place of business in Kansas City, Missouri, and are infringing its patent through the manufacture and sale of their product known as "Korum" and "Zuco."

"Korum" is a liquid composition and "Zuco" is a powder sold and dispensed in tablet form. Each of the parties sells its product with instructions to the purchaser as to the method of mixing the product with water or feed in the proper proportions for consumption by poultry.

Defendants deny the validity of the patent and deny infringement, and have filed a counterclaim alleging unfair trade practices on the part of the plaintiff.

## Findings of Fact.

The facts are:

### I.

That defendants are engaged in the manufacture and sale of "Korum" and "Zuco" at their place of business in Kansas City, Missouri, within the jurisdiction of this court.

### II.

Claims 1 to 4 of the Mayfield-Morehouse patent No. 2,450,866, in suit, cover a medicinal preparation for the treatment of poultry, and consists essentially of a mixture or composition for oral ingestion to stimulate growth, said mixture containing a chemical compound known as 3-nitro-4-hydroxy-phenyl-arsonic acid in combination with a vehicle such as water, wherein the chemical compound is present within approximately the concentration range of 0.0005% to 0.035%.

### III.

Claims 12, 14, 15 and 16 of the Mayfield-Morehouse patent No. 2,450,866, in suit, cover a medicinal preparation for the treatment of poultry and consists essentially of a mixture or composition for oral ingestion to control coccidiosis, said mixture containing a chemical compound known as 3-nitro-4-hydroxy-phenyl-arsonic acid in combination with a vehicle such as water, wherein the chemical compound is present within approximately the concentration ranges of 0.0079% to 0.035% and 0.0079% to 0.0158%.

### IV.

The inventive concept concerned in the patent in suit is the adaptation of the composition claimed within the specific concentration range to the treatment of poultry for growth stimulation and control of coccidiosis.

### V.

Prior to the advent of the composition claimed in the Mayfield-Morehouse patent in suit, treatment of coccidiosis in poultry was relatively ineffective and the discovery of the composition of the patent, therefore, required the exercise of inventive faculties.

### VI.

The invention covered by the claims of the Mayfield-Morehouse patent in suit is adequately supported by the disclosure in the specification.

## VII.

The composition covered by the claims of the patent in suit was discovered after a long period of research and was not the result of any logical procedure or knowledge which would indicate or dictate the use of the composition for the purposes discovered.

## VIII.

The compositions described and claimed in the Mayfield-Morehouse patent in suit are unique, and constitute a genuine departure from anything employed for the purpose contemplated by the patent in the prior art, either disclosed, described, manufactured or patented, in this country or abroad.

## IX.

The discovery of the invention was not the result of knowledge obtained from the prior art.

## X.

The defendant partnership derived its information for the production of the accused products, "Korum" and "Zuco," from Dr. Mayfield, one of the inventors, and the compositions of the accused products as well as the obtaining of new drug applications for said products from the Federal Security Agency, were founded upon information given to defendants by Dr. Mayfield.

## XI.

The compositions of the accused products, "Korum" and "Zuco," are substantial reproductions of the plaintiff's product, manufactured and sold by plaintiff under its patent.

## XII.

The compositions of "Korum" and "Zuco," when incorporated in a vehicle according to the instructions given by defendants, are covered by the claims of the Mayfield-Morehouse patent, and infringe the claims in suit.

## XIII.

Subsequent to the issuance of the Mayfield-Morehouse patent, and after notice thereof, the defendant partnership manufactured and sold within the jurisdiction of this court "Korum" and "Zuco," with instructions for their use, which respond to and are an infringement of claims 1, 2, 3, 4, 12, 14, 15, and 16 of the Mayfield-Morehouse patent in suit.

## XIV.

Changes made by the defendant partnership in the compositions of "Korum" and "Zuco" which differ from the compositions covered by the patent, are inconsequential and do not avoid the claims of the patent in suit.

## XV.

Prior to the filing date of plaintiff's application of December 8, 1942 which was consolidated with the application for the patent finally granted to the patentees, there was no successful known remedy for coccidiosis in poultry, and apparently the discovery of the inventors was the first successful remedy for that disease, and such product enjoyed extensive and successful use among poultry growers.

## XVI.

There has been no misuse of the patent in suit by plaintiff, since in the enforcement of its patent rights the plaintiff has attempted only to control the chemical composition within the percentage ranges defined by the claims and when used as a medication for the treatment of poultry.

### Conclusions of Law.

The Court concludes that:

## I.

The court has jurisdiction of the parties and of the subject matter.

## II.

The Mayfield-Morehouse patent in suit, 2,450,866, was regularly issued by the United States Patent Office, and defendants in assailing it have a heavy burden of proof.

## III.

Dr. Salsbury's Laboratories, the plaintiff, is the owner of Letters Patent No. 2,450,866.

698

## IV.

■ To anticipate the Mayfield-Morehouse patent in suit, or to show that the claims in issue are lacking in novelty, prior art patents or prior publications relied upon must show that composition or its substantial equivalent doing the same work in substantially the same manner as the patented composition.

## V.

Prior art patents and publications are to be measured as anticipations by what is clearly and definitely expressed in them; they may not be reconstructed in the light of later acquired knowledge and then used as a part of the prior art.

## VI.

■ The concept and production of the composition defined by the claims in suit required the exercise of inventive faculties, and the presence of invention is persuasively demonstrated by the evidence.

## VII.

The patent in suit covers and claims a novel composition which was inventive and achieves a new and beneficial result and it is, therefore, good and valid in law.

## VIII.

Defendants' products, "Korum" and "Zuco" herein accused as infringements when used according to defendants' instructions, are substantially the same as the compositions claimed in the Mayfield-Morehouse patent; and, therefore, literally and in substance respond to the language of the claims in suit and infringe each of said claims.

## IX.

The defendant partnership, composed of I. D. Russell and Bertha V. Russell, is guilty both of indirect and contributory infringement of claims 1, 2, 3, 4, 12, 14, 15, and 16 of the Mayfield-Morehouse patent No. 2,450,866, by manufacturing and selling "Korum" and "Zuco" within the jurisdiction of this court.

## X.

Plaintiff does not come into court or this case with unclean hands.

## XI.

■ Plaintiff has not made any improper or illegal use of the patent in suit, or violated the Sherman or Clayton Anti-Trust Acts, 15 U.S.C.A. §§ 1–7, 15 note, 12 et seq., in connection with the patent or the compositions manufactured and sold thereunder.

## XII.

Plaintiff has not misused the patent in suit for any of the reasons assigned and asserted by defendants, nor for any other reason so far as disclosed by the record in this case.

## XIII.

Defendants' counterclaim is dismissed.

## XIV.

Plaintiff is entitled to an injunction against the manufacture, sale and use by the defendant partnership, or any of them, of "Korum" and "Zuco" complained of, an accounting for profits and damages, the court costs incurred herein, and reasonable attorneys fees as provided by the Patent Statutes.