William H. HARVEY, and Paul E. Thies, Plaintiffs,

v.

Roy LEVINE et al., Defendants.

Civ. No. 35255.

United States District Court
N. D. Ohio, E. D.

Feb. 19, 1960.

Geo. Knowles, Bosworth, Sessions, Herrstrom & Knowles, Cleveland, Ohio, for plaintiffs.

Wm. C. McCoy, Jr., McCoy, Greene & TeGrotenhuis, Cleveland, Ohio, for defendants.

KALBFLEISCH, District Judge.

This is a patent case involving a design for a sealing gasket for use in connecting toilet bowls with soil pipes. Defendants have filed a counterclaim for a declaratory judgment to the effect that the subject patent is invalid and not infringed. Three sets of interrogatories under Rule 33, Federal Rules of Civil Procedure, 28 U.S.C.A., have been filed, to some of which objections have been made.

1. Objections to Defendant's
Interrogatories to Plaintiff
Paul E. Thies.

Defendant Levine filed twenty-one interrogatories directed to plaintiff Thies on August 7, 1959. Plaintiff objected to Nos. 9 and 11. No. 9 subsequently was withdrawn by stipulation. Interrogatories Nos. 10 and 11 read as follows:

"10. Does the license agreement of interrogatory 9 above represent the complete agreement and understanding between yourself and William H. Harvey?

"11. With respect to interrogatory 10 above, if there are other agreements and understandings, written or oral, please identify and describe them and attach a copy of all such written agreements."

Plaintiff's responses to these interrogatories were as follows:

"10. Yes.

"11. The license agreement of Interrogatory No. 9 represents the complete agreement and understanding between Plaintiff Paul E. Thies

and Plaintiff William H. Harvey. However Plaintiffs, including Paul E. Thies, have objected and do object to this Interrogatory for reason 2.(a) set forth in Plaintiffs' Objections To Defendant's Interrogatories To Plaintiff Paul E. Thies (Under Rule 33), served August 10, 1959 on Defendant's attorney."

Plaintiff objects to interrogatory No. 11 on the ground that it improperly requests production of documents under Rule 33 "whereas, such request should be made under Rule 34, which latter rule requires consideration by the Court and a showing of good cause before a party be required to produce a document." (Plaintiffs' Objections, pages 1 and 2.)

Plaintiff's affirmative response to interrogatory No. 10 would seem to obviate the necessity of his furnishing documents under interrogatory No. 11. However, to the extent that interrogatory No. 11 may still call for the production of documents, plaintiff's objection will be sustained. Production should be sought under Rule 34.

2. Objections to Plaintiffs'
Interrogatories.

Plaintiffs filed forty-eight interrogatories, many with subsections, on September 9, 1959. Defendant Levine objects to Nos. 16, 38 and 40. Plaintiffs have not filed any answer to defendant's objections.

No. 16 relates to the number of alleged infringing gaskets sold by Levine up to the date of the filing of the Complaint:

"16. State the number of toilet bowl sleeve gasket devices of the type referred to in Interrogatory No. 15 sold by Defendant by month from said date requested in Interrogatory No. 15 until the date of filing of the Complaint herein."

Defendant objects to this interrogatory because it relates to damages and the "usual procedure in patent cases is to defer consideration of damages until

after the patent in suit has been held valid."

Defendant does not allege that the information requested would reveal matters of a confidential business nature to a competitor, or that the mere furnishing of information as to the number of gaskets sold over a certain period of time would be burdensome or oppressive. The authority cited by defendant relates to postponement of an accounting, which is apt to be far more time consuming than merely reporting numbers of units sold. Defendant's objection to plaintiffs' interrogatory No. 16 is overruled and he is ordered to respond thereto within fifteen days.

Plaintiffs' interrogatories Nos. 38 and 40, to which defendant objects, read as follows:

"38. Describe in detail and give the contents, exclusive of privileged material, of each document identified in answer to Interrogatory No. 37, or, in lieu thereof, attach a copy to the answer."

"40. Describe in detail and give the contents, exclusive of privileged material, of each item identified in response to Interrogatory No. 39, or in lieu thereof attach a copy to the answer."

The interrogatory preceding each of those set forth above calls for the identification and location of the custodians of any documents of certain described classes. Objection is made to Nos. 38 and 40 on the ground that they call for the production of documents.

█ It is well settled that Rule 33 cannot be used for the production of documents. Alltmont v. United States, 3 Cir., 1950, 177 F.2d 971, 974. Rule 34 provides for production and, as a prerequisite, requires a showing of good cause. Rule 33 has no such prerequisite. In Skradski v. Cleveland Cliffs Iron Co., D.C.N.D.Ohio 1950, 10 F.R.D. 393, 394, plaintiff sought production of documents under Rule 33. In ruling on defendant's objection, Judge Jones held:

"The objection is well taken. Fed. Rules Civ.Proc., rule 33, 28 U.S.C.A., does not provide for the production of documents. Plaintiff must make use of Rule 34 with its more stringent requirements if he wishes these reports produced."

█ The request in interrogatories Nos. 38 and 40 that defendant "describe in detail and give the contents" of certain documents calls for such complete information concerning the documents as to amount to asking defendant to furnish copies of the documents themselves. A party conscientiously attempting compliance would be reluctant to omit anything (except privileged material) from his summary of the contents lest he be charged with failure to fully respond.

Plaintiffs, having been furnished with the names and addresses of the custodians of the described documents, should now, if they wish to know their contents, file a motion under Rule 34.

Defendant's objections to plaintiffs' interrogatories Nos. 38 and 40 are sustained.

3. Objections to Defendant's Further Interrogatories to Plaintiff Paul E. Thies.

█ Plaintiff objects to five of the interrogatories filed on September 30, 1959, by defendant Levine. Defendant acquiesced to four of plaintiff's objections, leaving only No. 46 to consider.

Interrogatories Nos. 45 and 46 read as follows:

"45. Is plaintiff Thies familiar with the form of gasket presently being manufactured and sold by De Best Mfg. Co.?

"46. If the answer to Interrogatory 45 above is in the affirmative, state whether or not said gasket is charged to be an infringement of patent No. 2,750,216."

Plaintiff's objections to the interrogatory are on the grounds that it calls for an opinion (citing Moore's Federal Prac-

tice, 2d. Ed., Vol. 4, pages 2303–2305) and that it is "wholly irrelevant to the subject matter of the present litigation."

In the first set of interrogatories submitted to plaintiff Thies, he was asked whether he had charged any person other than defendant with infringement of patent No. 2,750,216, to which plaintiff answered, "Yes." (Interrogatory No. 20 and response thereto.) Defendant was then asked to state the name and address of each person so charged. De Best Mfg. Co. and one other firm were listed in plaintiff's response.

The interrogatory is relevant, and since it asks only whether a *charge* of infringement is made it does not call for an opinion. The objection is overruled, and plaintiff will respond within fifteen days.