**IDEAL PICTURES INCORPORATED,** George E. Dean, Lyle F. White, Jack J. Spire, Albert G. Karel, Walter J. Dauler, Dauler Films Inc., Rodney L. McArthur, Stanley L. Nolan, W. Dan Browning, Jr., Joseph C. Komarek, Robert Craig, Nelson C. White and Hadden Films, Inc., Plaintiffs,

v.

**FILMS INCORPORATED,** Encyclopedia Britannica Films, Inc., William Benton, Maurice B. Mitchell, Paul G. Hoffman, Harry E. Houghton and Adlai E. Stevenson, Defendants.

United States District Court
S. D. New York.

Jan. 9, 1961.

**2.** Cf. Aldred Investment Trust v. S. E. C., 1 Cir., 1945, 151 F.2d 254, 260–261, certiorari denied, 1946, 326 U.S. 795, 66 S. Ct. 486, 90 L.Ed. 483.

**434**

Saul E. Rogers, New York City, for plaintiffs.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, Peter M. Fishbein, New York City, of counsel, for defendants.

WEINFELD, District Judge.

There is no "generally accepted" policy or practice in this District (as described in the defendants' brief) "of extending a defendant's time to move against or answer the complaint in a private treble-damage antitrust suit until after he has completed the taking of a plaintiff's deposition * * *."[1] This view suggests that the private treble-

damage suit is sui generis. Our Court of Appeals has held to the contrary and has made it crystal clear that essentially it is to be treated no differently from other types of litigation, and that the Federal Rules provides no special exceptions for antitrust suits.[2] Accordingly, the present motion by the defendants to extend their time to move, answer or otherwise plead until thirty days after they have completed the taking of the plaintiffs' depositions (fourteen in all) must be determined in accordance with the general rules governing such applications. Such a motion, if granted, obviously would result in interminable delay in the orderly progress of a case to trial, and should be granted only upon the clearest showing of compelling necessity for such relief.

A factor not without significance here is that the Federal Rules contemplates the notice theory of pleading—to permit a claim to be stated in general terms.[3] Thus, usually a basic question is whether the complaint, as drawn, states a claim or claims sufficiently so as to enable the defendant to serve a responsive pleading. So viewed, the complaint herein is adequate, although certainly it could be simplified.

The details which the defendants seek, in order to "sharpen the issues and narrow the scope of the action," and to learn more of the plaintiffs, who they say are unknown to them, are not required in order to enable them to answer. Such details and information can be obtained before trial by means of interrogatories, depositions and discovery proceedings,[4] which may proceed apace with the action. The Court is not persuaded that there is need, under the facts here presented, for the relief requested.

---

1. The reference to the order entered by this Court in Waldron v. British Petroleum Co., No. Civ. 110–223, S.D.N.Y., July 10, 1956, as allegedly supporting such a policy, is inapposite. No opinion or memorandum was written on the motion, which was disposed of largely upon consent and involved complex issues, including one of jurisdiction.

2. Niagara of Buffalo, Inc. v. Niagara Mfg. & Distributing Corp., 2 Cir., 1958, 262 F.2d 106 (per curiam); Nagler v. Admiral Corp., 2 Cir., 1957, 248 F.2d 319.

3. Nagler v. Admiral Corp., 2 Cir., 1957, 248 F.2d 319, 324.

4. Cf. Package Closure Corp. v. Sealright Co., 2 Cir., 1944, 141 F.2d 972, 979.

The motion is granted only to the extent of extending the time of the defendants to move, answer or otherwise plead to the complaint twenty days after the entry of an order hereon.

is less, but not both, are taxable; although ordinarily mileage for only one trip coming and returning is allowable, however long the attendance. 28 U.S.C.A. § 1821.