**GENERAL INDUSTRIES COMPANY, Elyria, Ohio, an Ohio Corporation, Plaintiff,**

v.

**BIRMINGHAM SOUND REPRODUCERS, LTD., Staffs, England, a British Corporation, Discus International Ltd., a Bermuda Corporation, B.S.R. Ltd., College Point, New York, a New York Corporation, Discus (U.S.A.) Inc., College Point, New York, a New York Corporation, The Discus Corporation, College Point, New York, a New York Corporation, Defendants.**

No. 60-C-867.

United States District Court
E. D. New York.
May 31, 1961.

**694**

See also 26 F.R.D. 559.

Darby & Darby, New York City, for plaintiff. Floyd H. Crews, New York City, J. Helen Slough, Cleveland, Ohio, of counsel.

Cooper, Dunham, Dearborn & Henninger, New York City, for defendants. John N. Cooper, Bernard B. Smith, New York City, of counsel.

BARTELS, District Judge.

Plaintiff moves, pursuant to Rule 33, Fed.Rules Civ.Proc., 28 U.S.C.A., for an order striking certain interrogatories served by the defendants.

This is an action for alleged infringement of certain patents dealing with plural speed phonograph turntable drive mechanisms. Defendants' answer denies the infringement and by way of affirmative defense asserts invalidity of the patents. However, they do not include as a defense misuse or "unclean hands". The three remaining interrogatories now before the Court seek the following information: (1) whether plaintiff ever granted licenses under the patents in suit, or applications therefor, as well as the identity of any licensees and the terms of the licenses (Interrogatory 14); (2) if so, whether plaintiff sells to any of such licensees certain mechanisms and products in connection therewith (Interrogatory 15), and (3) in case of such sale, identification of such articles and the identity of the purchasers thereof (Interrogatory 16). Plaintiff objects to these interrogatories upon the ground that they are irrelevant because they purport to elicit information with respect to misuse of plaintiff's patents, which defense has not been pleaded. Plaintiff also claims that the interrogatories seek information with regard to confidential matters, which objection, however, in view of the disposition of the motion need not be considered at this time.

In essence, the question before the Court is whether, under the test of Rule 26, Fed.Rules Civ.Proc., the inquiries are "relevant to the subject matter" involved in the action. The interrogatories clearly relate to possible misuse of the patents. If such defense need not be pleaded but can be raised at any time, as defendants argue, then the inquiry is relevant and proper. If misuse or "unclean hands" must be pleaded before the interrogatories may be properly propounded, then the interrogatories must be stricken.

In its insistence that the defense must be pleaded, plaintiff relies upon 35 U.S. C.A. § 282, which was included in the 1952 "recodification" of the Patent Act. In part this section reads:

"The following shall be defenses in any action involving the validity or infringement of a patent and *shall be pleaded*:

"(1) Noninfringement, absence of liability for infringement or unen-

forceability, \* \* \*". (Emphasis added)

In explanation of this section plaintiff further refers to the "Commentary on the New Patent Act" by P. J. Federico, Examiner-in-Chief, U.S. Patent Office[1], which however, is only the author's personal views. Nevertheless, the writer is an expert on the subject and his comments are entitled to consideration. He explains that the defenses which must be pleaded under the above quoted section includes "equitable defenses such as laches, estoppel and unclean hands".

Defendants assert that the misuse of patents is essentially a defense of "unclean hands" which may be raised at any time either by the defendants or by the Court *sua sponte*, for which proposition they cite Frank Adam Electric Co. v. Westinghouse Electric & Mfg. Co., 8 Cir., 1945, 146 F.2d 165; Hardinge Company, Inc. v. Jones & Laughlin Steel Corp., D. C.Pa.1958, 164 F.Supp. 75; Dr. Salsbury's Laboratories v. I. D. Russell Co. Laboratories, D.C.Mo.1953, 121 F.Supp. 709; Sola Electric Co. v. General Electric Company, D.C.Ill.1956, 146 F.Supp. 625; and Stearns v. Tinker & Rasor, 9 Cir., 1957, 252 F.2d 589.

It is true that "misuse of patents" may be equated with the defense of "unclean hands" (Stearns v. Tinker & Rasor, supra, at page 600); but in all of the cases cited above by the defendants with the exception of the Frank Adam and the Hardinge cases, the defense was affirmatively pleaded. The Frank Adam case was decided prior to the passage of 35 U.S.C.A. § 282 in 1952 and in addition presented· facts which excused the pleading of the defense. There the defendant attempted to plead the defense of "unclean hands" and moved to amend its answer for that purpose but its motion was denied. Thereafter it served notice on the plaintiff that it would raise the issues at the trial but the trial court precluded the introduction of the evidence. Upon this posture of the case the Court of Appeals reversed, stating that the evidence on the issue of "unclean hands" should not have been precluded. The Hardinge case involved a motion for summary judgment. On such a motion the issues are presented not only by the pleadings but also by depositions, admissions on file and affidavits (Rule 56(c), Fed.Rules Civ.Proc.). Moreover, in that case no reference was made to 35 U.S. C.A. § 282 because the issue there transcended the question of pleadings.

In the present case the motion is addressed to interrogatories served not only before trial but also before issue has been joined as to all of the parties, there being a dispute as to jurisdiction over several non-American corporations. It is possible that there may still be other pleadings in the case. We are not here concerned with the problem of rejection of evidence of "unclean hands" because of the delay of one of the parties in presenting the defense or its irrelevance to the pleaded issues. The principle has been repeatedly enunciated in· patent infringement and other cases that the application of the "unclean hands" doctrine to the admissibility of evidence does not depend upon the pleadings or the diligence of the parties but upon public interest and the integrity of the Court (Frank Adam case and cases cited therein). It is unnecessary to decide whether 35 U.S.C.A. § 282 in any way changes the application of this maxim at the trial. It is sufficient to indicate that the section does state that the defense of unenforceability must be pleaded and in the Court's opinion this includes the defense of "unclean hands". It is manifest that if the section is to have any meaning the defendants at this stage of the proceeding cannot demand interrogatories upon this issue without pleading it as a defense. The section was designed to provide in a patent infringement case a clear formulation of the defenses, including unenforceability, by means of the pleadings. If the defendants know of the defense in advance, as is apparent in this case, they should not be permitted to take ad·

1. Volume "35 U.S.C.A. § 1 to § 110", page 1, at 55.

vantage of the discovery proceedings with respect to the matters not relevant to the subject matter of the pleaded issues, in disobedience to the mandate of the section. To include the defense they may move for leave to amend and if the application is granted, they will be required to observe Rule 11, Fed.Rules Civ. Proc., and to assume the burden of proof as to this issue upon the trial. If after the amendment interrogatories are served, the Court in considering their propriety may also determine whether such interrogatories extend over a period beyond the commencement of the suit and whether they involve trade secrets or other confidential information. Plaintiff's motion to strike Interrogatories 14, 15 and 16 is hereby granted.

Settle order within ten (10) days on two (2) days' notice.