William H. LEE, Plaintiff,

v.

The ELECTRIC PRODUCTS COMPANY, Defendant.

Civ. A. No. C 63–404.

United States District Court
N. D. Ohio, E. D.

Sept. 30, 1963.

H. F. McNenny and R. H. Dickinson, Jr., Cleveland, Ohio, for plaintiff.

Alfred C. Body, Cleveland, Ohio, for defendant.

GREEN, District Judge.

This is an action for patent infringement. The patent in suit is for an invention in "Alternating Current Drive and Control."

Plaintiff has filed objections to twenty-nine of the interrogatories propounded by defendant.

Defendant, in turn, has filed a motion for extension of time within which to answer the complaint until ten days after plaintiff has answered the interrogatories.

■ As to the motion for extension, the Court does not believe that such an extension is necessary. If the answers to the interrogatories and subsequent discovery proceedings elicit facts not now known to defendant, upon which a defense could be predicated, an amended answer can be filed. See, Ideal Pictures In-corporated v. Films Incorporated, 190 F. Supp. 433 (D.C.S.D.N.Y., 1961).

■ Interrogatory 1(b) goes to the date of conception of the subject patent. The Court is of the opinion that the interrogatory is proper.

■ Interrogatory 2(b) inquires in what respect the alleged infringing devices come within a claim or claims of the subject patent. Defendant has not filed a response to the objection to interrogatory 2(b), and, it appearing to the Court that the objection is well taken, it will be sustained.

■■ Interrogatories 3, 4, 5 and 23 relate to the history of the patent before the Patent Office. Objection is made on the basis that the information sought is a matter of public record. In answer defendant states:

"The purpose of the interrogatory is to obtain admissions from the adverse party, thereby limiting matters in dispute. * * * The intent of this rule is that when both parties have the same information, why compel formal proof to be made of this joint knowledge?"

In the recent decision in Harvey v. Levine, 25 F.R.D. 15 (D.C.N.D.Ohio, 1960) it was held that a request for a complete recital of the contents of documents, under Rule 33, Federal Rules of Civil Procedure, was tantamount to motion for production under Rule 34, and would be denied. The Court is of the opinion that the collective import of these four interrogatories brings this within the rationale of Harvey v. Levine, supra, although not foursquare on the facts. Defendant can more properly achieve its avowed purpose of gaining admission of facts known to it by resort to Rule 36, which is designed for that purpose.

■■ Interrogatory 6 is directed at the issue of damages. Subsection 6(b) is repetitious of interrogatories 1(a) and 2(a). Defendant, apparently recognizing the general rule that in patent actions discovery on damages will be deferred

until liability is established, has not responded to this item. The objection will be sustained.

Interrogatory 7(b) inquires if a particular notice was in writing, and requests a photocopy thereof. Insofar as the request for a copy is concerned, it has consistently been held that Rule 33 is not to be utilized to obtain production of documents, Foundry Equipment Co. v. Carl-Mayer Corp., 11 F.R.D. 108 (D.C.N.D.Ohio, 1950). The objection will be sustained as to the request for production. Plaintiff shall answer whether the notice was in writing.

Interrogatory 12 concerns contact of defendant's customers by plaintiff. Defendant asserts that the interrogatory should be answered, in that it may provide facts to support a defense of misuse of the patent, and possibly provide a basis for a counterclaim based on unfair competition. A similar situation was recently before the Court in General Industries Co. v. Birmingham Sound Reproducers, Ltd., 194 F.Supp. 693 (D.C.E.D.N.Y., 1961). Objections to the interrogatories were there sustained, on the basis that until the pleadings put in issue the defense of "unclean hands" discovery aimed at that subject was improper. The Court will follow the philosophy of that ruling, and sustain the objection to interrogatory 12.

Interrogatories 13 and 14 are objected to on the basis of privilege. Any privilege which might properly be asserted is against disclosure of the contents of the documents. Where the interrogatories ask only of the existence and not of the content there is no privilege involved. Halpern v. United States, 151 F.Supp. 183, 184 (D.C.S.D.N.Y., 1957). The objection will be sustained only as to those portions of interrogatories 13 and 14 which call for production of the documents.

Interrogatory 15 calls for production of a document, and the objection will be sustained.

Interrogatories 16, 17, 18, 19, 20, 21, 22 and 24 are of a similar nature. All describe a different hoist drive, inquire if the described device would constitute an infringement of the subject patent, and if so, what claim or claims and in what respect. Objection is made on the basis that the answers require plaintiff to make a legal conclusion by construction of the subject patent, citing Hoak v. Empire Steel Corp., 5 F.R.D. 330, 331 (D.C.N.D.Ohio, 1946). However, in Drake v. Pycopé, Inc., 96 F.Supp. 331 (D.C.N.D.Ohio, 1951), it was stated:

"Plaintiff objects to interrogatories 8, 9, and 10 on the ground that they call for an opinion, or interpretation of a patent. It is apparent that plaintiff in filing his complaint took full advantage of Rule 8 (a) and merely stated that he is the owner of a certain patent, and that a device of defendant's infringes claims of his patent. Such a complaint, of course, is proper but as respects information, it merely gives defendant notice that he is being sued, and little else. Some procedure should be made available by which defendant may obtain information necessary to defend properly the lawsuit. Two methods are open to defendant, a motion for more definite statement or the discovery procedure. This court has many times in the past indicated that the proper method is the use of the discovery procedures, and cannot allow discovery by interrogatories to become entangled in a mass of objections, else the defendant will be wholly unable to obtain the necessary information. This is especially true where plaintiff does nothing more in his complaint than give notice of the lawsuit. Objections going to opinion or interpretation of claims therefore must be brushed aside where, as here, the interrogatories are directed to discovery of the exact nature of plaintiff's claim."

Similarly, in Harvey v. Levine, 25 F.R.D. 15 (D.C.N.D.Ohio, 1960), answer was required to an interrogatory which inquired if a device not alleged to be an infringement would be considered by plaintiff to infringe the patent in suit. In Gagen v. Northam Warren Corp., 15 F.R.D. 44 (D.C.S.D.N.Y., 1953), the Court observed:

"It may be acknowledged that to a degree the interrogatories in question call for expression of judgment or opinion. However, this in and of itself does not condemn them if the basic purposes of deposition-discovery procedure—obtaining relevant information and narrowing the issues—are to be served. In determining whether the interrogatories serve such purposes, account will be taken of the burden placed upon the party answering."

■ The Court is of the opinion that in this action, where the complaint is clearly a notice pleading only, plaintiff should answer interrogatories 16, 17, 18, 19, 20, 21, 22 and 24, to the extent of stating whether the described devices would be considered an infringement of the subject patent and what claim or claims thereof. Plaintiff's objections will be sustained as to that portion of the interrogatories which inquire in what respect the devices described would be considered infringements, as those answers would require a detailed technical comparison of the patent and the described devices. It is the Court's opinion that this procedure strikes a balance between the traditional view regarding discovery of construction of patent claims and the rationale of the decisions hereinabove considered.

■ Interrogatories 27, 28, 29 and 30 are likewise objected to as requiring an interpretation of the patent. These interrogatories differ from those just considered, in that they inquire whether plaintiff makes certain contentions with regard to the language and disclosures of the subject patent. It is the Court's opinion that while it may be said that interpretation is here involved, it is only collaterally so, and the primary function of these interrogatories is elucidation. In considering this problem, Professor Moore has observed:

"The correct approach to the problem, it is submitted, requires the discarding of any dogmatic ideas that matters of opinion may never be called for by interrogatory. There is nothing in the language of the rules to require such a holding. * * * In passing upon objections to interrogatories the question before the court should not be whether, as a theoretical matter, the interrogatory calls for an expression of opinion, but whether an answer would serve any substantial purpose. * * * If the answer might serve some legitimate purpose, either in leading to evidence or in narrowing the issues, and to require it would not unduly burden or prejudice the interrogated party, the court should require answer. The considerations in favor of allowing interrogatories as to the contentions of the parties are even stronger." 4 Moore's Federal Practice (2d ed.) pp. 2310–2311.

Reflective of this philosophy is the ruling in DuPont v. Byrnes, 1 F.R.D. 34, 39 (D.C.S.D.N.Y., 1939) wherein the plaintiff was ordered to answer interrogatories as to what construction would be urged as to certain language in the patent in suit. The objections to interrogatories 27, 28, 29 and 30 will be overruled.

■ Interrogatories 31 and 32 inquire of defendant's work in the field which is the subject of the patent in suit prior to 1956. They are objected to on the basis of relevancy. Although this appears to be on the periphery of propriety for discovery, the Court will overrule the objections, except that production of documents as requested in 32 (b) will be denied.

Interrogatory 33(b) calls for production of documents, and the objection thereto will be sustained.

Interrogatory 34 inquires if plaintiff has offered any licenses under the subject patent or any other patent owned or controlled by plaintiff. The Court is unable to ascertain how this information is relevant to the issues now framed, or could lead to any relevant evidence. The objection will be sustained.

Interrogatory 36, relating to any patent applications plaintiff may now have pending, is objected to as attempting to discover privileged material and as irrelevant. Defendant alleges that "this material can possibly have some bearing on the issues," but does not state in what manner. The Court does not believe that evidence going to the question of other patents has been sufficiently shown to bear on this litigation to warrant requiring plaintiff to answer this interrogatory.

Plaintiff's objections to defendant's interrogatories sustained as to items 2(b), 3, 4, 5, 6, 12, 15, 23, 33(b), 34 and 36; sustained in part and overruled in part as to items 7(b), 13, 14, 16, 17, 18, 19, 20, 21, 22, 24 and 32; overruled as to items 1(b), 27, 28, 29, 30 and 31.